**EXHIBIT "A"**

**GARIBIAN LAW OFFICES, P.C.**
Antranig N. Garibian, Esq., PA Attorney ID No. 94538
1800 John F. Kennedy Boulevard, Suite 300
Philadelphia, PA 19103
Telephone: (215) 326-9179
ag@garibianlaw.com
*Attorneys for Plaintiff, ASAM, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASAM, LLC. | : | 16    0687 |
| Plaintiff, | : | **CIVIL ACTION NO.** |
| v. | : | **COMPLAINT** |
| WAKSARD CAPITAL, LLC, JESSE SHEMESH, | : | |
| Defendants. | : | |

Plaintiff, ASAM, LLC, by and through counsel, Garibian Law Offices, P.C., by way of Complaint against defendants, Waksard Capital, LLC and Jesse Shemesh (collectively, "Defendants"), avers as follows:

### PARTIES

1. Plaintiff, ASAM, LLC ("ASAM") is a limited liability company organized and incorporated pursuant to the laws of the Commonwealth of Virginia, with its principal place of business at 1401 N. Rhodes Street, #505, Arlington, VA 22209.

2. Defendant, Waksard Capital, LLC ("Waksard") is a limited liability company organized and incorporated pursuant to the laws of the Commonwealth of Pennsylvania, with its principal place of business at 230 S. Broad St., 17th Floor, Philadelphia, PA 19102.

3. Defendant, Jesse Shemesh ("Shemesh"), is an adult citizen of the Commonwealth of Pennsylvania.

1

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 exclusive of interests and costs and is between citizens of different states.

5. Plaintiff, ASAM, is a citizen of Virginia.

6. Defendant, Waksard, is a citizen of Pennsylvania.

7. Defendant, Shemesh, is a citizen of Pennsylvania.

8. Venue in this district is proper pursuant to 1391(b)(1) because all of the defendants are residents of Pennsylvania.

9. Venue in this district is also proper pursuant to 1391(b)(2) because a substantial part of the events or admissions giving rise to this action occurred within the Eastern District of Pennsylvania.

## NATURE OF THE CLAIM

10. In this action, ASAM asserts claims of breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment and resulting trust, fraud in the inducement, negligent misrepresentation, breach of fiduciary duties, demand for accounting and conversion arising out of Defendants' misconduct as ASAM's real estate investment partner.

## FACTUAL BACKGROUND

### *The Projects*

11. In approximately 2013, Defendants planned to begin constructing and developing residential and commercial real estate throughout Philadelphia, PA.

12. Defendants induced ASAM to participate with Waksard in several joint ventures, which were to be formed as limited partnerships, in order to develop and sell residential real estate throughout Philadelphia, PA.

13. In these joint ventures, Waksard was general partner and ASAM was the limited partner.

14. Shemesh, as a managing member of Waksard, served as Waksard's chief representative to ASAM and coordinated the construction activities and management of the finances of the limited partnerships.

15. On February 13, 2013, Waksard and ASAM formed Waksard Partners III, LP to develop the properties located at 2261 N. Park Ave., Philadelphia, PA 19132 and 2311 N. Park Ave., Philadelphia, PA 19132. Waksard was the general partner and ASAM was the Limited Partner.

16. On July 17, 2013, Waksard and ASAM formed Waksard Partners V, LP to develop the property located at 612 N 2nd St. Philadelphia, PA 19123. Waksard was the general partner and ASAM was the Limited Partner.

17. On July 17, 2013, Waksard and ASAM formed 1326 N. Mascher St. Partners, LP to develop the property located at 1326 N. Mascher St., Philadelphia, PA 19122. Waksard was the general partner and ASAM was the Limited Partner.

18. The projects contemplated by the formation of Waksard Partners III, LP, Waksard Partners, V, LP and 1326 N. Mascher St. Partners, LP are collectively referred to herein as the "Projects."

19. In each of the Projects, the relationship between ASAM and Waksard were governed by a partnership agreement (referenced collectively herein as the "Partnership Agreements").

20. Waksard withdrew as General Partner of each of the Projects on December 31, 2015.

### Defendants' Misconduct

21. Defendants represented and furnished information to convince ASAM that Waksard and Shemesh had the experience and expertise to acquire and develop the real estate into profitable real estate ventures.

22. Defendants promised ASAM that ASAM would receive a 30% internal rate of return on its investment in the Projects. Defendants further promised ASAM that ASAM would receive an early return of the capital through a refinance on two of the Projects.

23. Upon information and belief, it is averred that Defendants' plan *ab initio* was to induce ASAM to contribute funds as a limited partner, so that Defendants could misappropriate and use the funds for their own personal gain, rather than for the development of the Projects.

24. In reality, Defendants' mismanagement and undercapitalization of the Projects resulted in the Projects failing.

25. Defendants did not pay the subcontractors who were hired to perform work on the Projects.

26. Defendants did not adequately supervise or manage the Projects.

27. Defendant Shemesh wrongfully solicited and accepted bribes and "kickbacks" from contractors hired to work on the Projects persuade him to hire them for work on the Projects.

4

28. Defendants continuously asked ASAM to invest additional money while at the same time intentionally making false and misleading representations as to why additional contributions were needed.

29. Upon information and belief, Defendants were using ASAM's money to pay off creditors and investors on other projects in which ASAM was not involved.

30. Specifically, Defendants took money from the Projects to pay for deposits, extension fees, legal fees, and architectural fees for Projects having no connection at all to ASAM.

31. Specifically, Defendants made direct withdrawals from the bank accounts associated with the Projects and transferred those funds to their own personal accounts.

## Count I

## Breach of Contract

32. ASAM re-alleges all of the foregoing paragraphs as it fully set forth herein.

33. The Partnership Agreements were binding contracts under which Defendants owed duties to ASAM.

34. Defendants' aforementioned wrongful conduct constituted a breach of the Partnership Agreements.

35. As a direct and proximate result of Defendants' wrongful conduct, ASAM has and continues to incur substantial damages, including extra business expense, debt, lost business opportunities, lost profits, attorneys' fees and costs.

**WHEREFORE**, ASAM demands judgment in its favor and against Defendants, jointly, severally, and/or individually for compensatory and other damages, in the amount of $1,000,000.00, a sum certain, and such other relief as the Court may deem just and proper.

## Count II

### Breach of the Implied Covenant of Good Faith and Fair Dealing

36. ASAM re-alleges all of the foregoing paragraphs as it fully set forth herein.

37. Defendants owed ASAM an implied duty of good faith and fair dealing with regard to their conduct under the Partnership Agreements.

38. Defendants were bound by their promises to ASAM under the Partnership Agreements.

39. Despite that knowledge, Defendants knowingly and blatantly disregarded their obligations to ASAM under the Partnership Agreements.

40. Defendants breached their duty to act in good faith with respect to their contractual duties to ASAM under the Partnership Agreements.

41. Defendants acted unreasonably and in bad faith and deprived ASAM of the benefit of the bargain by refusing to perform their obligations to ASAM under the Partnership Agreements.

42. As a direct and proximate result of Defendants' wrongful conduct, ASAM has and continues to incur substantial damages, including extra business expense, debt, lost business opportunities, lost profits, attorneys' fees and costs.

**WHEREFORE**, ASAM demands judgment in its favor and against Defendants, jointly, severally, and/or individually for compensatory and other damages, in the amount of $1,000,000.00, a sum certain, and such other relief as the Court may deem just and proper.

## Count III

### Unjust Enrichment (in the alternative) and Resulting Trust

43. ASAM re-alleges all of the foregoing paragraphs as it fully set forth herein.

44. ASAM conferred a benefit upon Defendants by contributing capital to the Projects.

6

45. As a result of the conduct described herein, Defendants were unjustly enriched at the expense and to the detriment of ASAM.

46. By reason of Defendants' conduct, Defendants were unjustly enriched and all monies and assets acquired by them in connection with the Projects are trust funds, creating a "resulting trust" for the benefit of Plaintiff.

47. As a direct and proximate result of Defendants' wrongful conduct, ASAM has and continues to incur substantial damages, including extra business expense, debt, lost business opportunities, lost profits, attorneys' fees and costs.

48. It would be inequitable to allow Defendants to enjoy the benefit of ASAM's funds without repayment.

49. Accordingly, Defendants should be required to make payment to ASAM to prevent Defendants from being unjustly enriched.

**WHEREFORE**, ASAM demands judgment in its favor and against Defendants, jointly, severally, and/or individually for compensatory and other damages, in the amount of $1,000,000.00, a sum certain, and such other relief as the Court may deem just and proper.

### Count IV
### Fraud In the Inducement

50. ASAM re-alleges all of the foregoing paragraphs as it fully set forth herein.

51. Defendants consistently represented to ASAM that they had the necessary funding to complete the Projects and that the Projects were adequately capitalized.

52. Defendants engaged in a fraudulent and deceptive scheme to lure and mislead ASAM into investing money into the Projects in order to improperly convert the money, rather than utilize it for the development and completion of the Projects.

7

53. Defendants knew at the time they made the false representations and concealed the true financial condition of the Projects that such representations were untrue and that Defendants were concealing material facts from ASAM regarding the viability of the Projects.

54. Defendants acted with the intention to deceive and mislead ASAM and to fraudulently induce ASAM into investing and contributing funds to the Projects.

55. ASAM acted in reasonable reliance upon Defendants' false representations and material omissions and was thereby induced to continue to invest in the Projects.

56. As a direct and proximate result of Defendants' wrongful conduct, ASAM has and continues to incur substantial damages, including extra business expense, debt, lost business opportunities, lost profits, attorneys' fees and costs.

**WHEREFORE**, ASAM demands judgment in its favor and against Defendants, jointly, severally, and/or individually for compensatory and other damages, in the amount of $1,000,000.00, a sum certain, and such other relief as the Court may deem just and proper.

## Count V
### Negligent Misrepresentation

57. ASAM re-alleges all of the foregoing paragraphs as it fully set forth herein.

58. Although Plaintiff avers that Defendants acted intentionally in all respects, if the false statements or omissions set forth above were not made with knowledge or recklessness as to their falsity, then they were made negligently, or without due care, by Defendants.

59. Defendants supplied the information to ASAM regarding the Projects in the course of their business and failed to exercise due care and competence in obtaining and communicating the information, which ASAM was reasonably justified in expecting.

8

60. Defendants knew that ASAM would reasonably rely on Defendants' representations, and Defendants intended to influence and induce action on the part of ASAM through those representations.

61. ASAM was, in fact, deceived by Defendants' misrepresentations and omissions and reasonably and justifiably relied to its detriment on those misrepresentations and omissions.

62. Defendants' misrepresentations and/or omissions regarding the Projects were false and misleading at the time they were made.

63. As a direct and proximate result of Defendants' misrepresentations and omissions, ASAM continued to contribute funds to the Projects and was damaged. ASAM would have never continued to invest money into the Projects if ASAM had not been provided with the aforementioned false information regarding the Projects.

64. As a direct and proximate result of Defendants' wrongful conduct, ASAM has and continues to incur substantial damages, including extra business expense, debt, lost business opportunities, lost profits, attorneys' fees and costs.

**WHEREFORE**, ASAM demands judgment in its favor and against Defendants, jointly, severally, and/or individually for compensatory and other damages, in the amount of $1,000,000.00, a sum certain, and such other relief as the Court may deem just and proper.

### Count VI
### Breach of Fiduciary Duties

65. ASAM re-alleges all of the foregoing paragraphs as it fully set forth herein.

66. In its capacity as a general partner in the Projects, Waksard owed a fiduciary duty to ASAM to act with the utmost good faith, honesty and loyalty, and not to favor its own interests at the expense of ASAM.

67. In his capacity as a member of Waksard, there was a relationship of dependence and influence between Shemesh and ASAM. Accordingly, Shemesh owed a fiduciary duty to ASAM to act with the utmost good faith, honesty and loyalty, and not to favor his own interests at the expense of ASAM.

68. By the foregoing conduct, Defendants willingly and fraudulently breached their fiduciary duties to ASAM by making material misrepresentations and omissions and by failing to disclose material facts regarding the status of the Projects and by placing their own interests ahead of the interests of ASAM.

69. As a direct and proximate result of Defendants' wrongful conduct, ASAM has and continues to incur substantial damages, including extra business expense, debt, lost business opportunities, lost profits, attorneys' fees and costs.

**WHEREFORE**, ASAM demands judgment in its favor and against Defendants, jointly, severally, and/or individually for compensatory and other damages, in the amount of $1,000,000.00, a sum certain, and such other relief as the Court may deem just and proper.

### Count VII

### Demand for Accounting

70. ASAM re-alleges all of the foregoing paragraphs as it fully set forth herein.

71. Plaintiff demands an accounting to explain precisely how Defendants misappropriated and disbursed the funds contributed by Plaintiff to Defendants for the Project.

**WHEREFORE**, ASAM demands from all Defendants a full and complete accounting of all funds advanced by ASAM to Defendants for use in the Projects.

### Count VIII

### Conversion

72. ASAM re-alleges all of the foregoing paragraphs as it fully set forth herein.

73. Defendants wrongfully took and misappropriated the funds contributed by ASAM that were contributed for the use and development of the Projects.

74. Despite demands, Defendants have failed to return the converted property to Plaintiff.

75. As a direct and proximate result of Defendants' wrongful conduct, ASAM has and continues to incur substantial damages, including extra business expense, debt, lost business opportunities, lost profits, attorneys' fees and costs.

**WHEREFORE**, ASAM demands judgment in its favor and against Defendants, jointly, severally, and/or individually for compensatory and other damages, in the amount of $1,000,000.00 and such other relief as the Court may deem just and proper.

**GARIBIAN LAW OFFICES, P.C.**

By: _____
Antranig N. Garibian, Esquire
PA Attorney ID No. 94538
1800 John F. Kennedy Boulevard, Suite 300
Philadelphia, PA 19103
Telephone: (215) 326-9179
ag@garibianlaw.com
*Attorneys for Plaintiff, ASAM, LLC*

11

JS 44 (Rev. 12/12)                 **CIVIL COVER SHEET**            16    0687

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ASAM, LLC

## DEFENDANTS
WAKSARD CAPITAL, LLC, JESSE SHEMESH

**(b)** County of Residence of First Listed Plaintiff: Arlington (Virginia)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Antranig Garibian, Esq., Garibian Law Offices, P.C.
1800 John F. Kennedy Blvd., Ste. 300, Phila., PA 19103
(215) 326-9179

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. Section 1332
Brief description of cause:
This lawsuit arises out of breaches of contract and fiduciary duties in a limited partnership by the general partner.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 1,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

FEB 11 2016

DATE: 02/09/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

16 0687

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ~~BRAVO~~ 1401 N. Rhodes St., #505, Arlington, VA 22209

Address of Defendant: Waksard: 230 S. Broad St., 17th Floor Phila, PA 19102; Jesse Shemesh: 802 Myrtles Way

Place of Accident, Incident or Transaction: Philadelphia, PA                                                    Perkasie, PA 18944
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑
RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☑ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Antranig Garibian, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: 2-12-16         Antranig Garibian /s/          94538
                      Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2-12-12         /s/                           94538
                      Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

FEB 11 2016



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CASE MANAGEMENT TRACK DESIGNATION FORM

ASAM, LLC  :  CIVIL ACTION

v.

Waksard Capital, LLC and :  NO. 16 0687
Jesse Shemesh

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

2/12/16    Antranig Garibian, Esq.    Plaintiff ASAM, LLC
Date       Attorney-at-law             Attorney for

215-326-9179    267-238-3801    ag@garibianlaw.com
Telephone       FAX Number      E-Mail Address

(Civ. 660) 10/02

FEB 11 2016